UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ENRIQUE CEDENO,

Plaintiff,

v. Case No.: 2:26-cv-616-SPC-NPM

LEE COUNTY SHERIFF'S DEPARTMENT, *et al.*,

Defendants.

---

**OPINION AND ORDER**

The Court dismissed pro se Plaintiff Luis Enrique Cedeno's case without prejudice for failing to comply with multiple Court orders. (Doc. 20). Now before the Court is Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(1), (4), and (6). (Doc. 22). For the below reasons, the Court denies the motion.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *See Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Rule 60(b)(1) provides for relief from judgments on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(4) provides relief when the judgment is void. And Rule 60(b)(6), known as the catch-all provision, requires a party to "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. DelMonte Fresh*

*Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted).

After reviewing Plaintiff's motion, the Court finds he presents no circumstances warranting relief from judgment. He simply asserts that he did not receive notice of the Court's orders and thus had no meaningful opportunity to comply. (Doc. 22). But he does not explain *why* he did not receive the orders. The docket shows the orders were sent to his provided email address, which the Court advised he is obliged to keep updated.[1] (Doc. 17). It is also unclear how he managed to receive the order dismissing his case but not the other ones. As such, Plaintiff fails to show excusable neglect, that the judgment is void, or extraordinary circumstances warranting relief. The Court thus denies his motion. *See Buneo v. United States Dep't of Just.*, No. 2:26-CV-298-SPC-NPM, 2026 WL 853795, at *1 (M.D. Fla. Mar. 27, 2026) (rejecting the plaintiff's argument that he was entitled to relief from judgment because he did not receive the court's order).

Accordingly, it is

**ORDERED:**

[1] It is also worth noting Plaintiff never filed a proof or waiver of service by the July 6 deadline and never moved for an extension. (Doc. 12). And he did not file the present motion until July 31. So clearly Plaintiff was disinterested in prosecuting his claims.

Plaintiff's Rule 60 Motion for Relief from Judgment (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, on August 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record